UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA : INFORMATION

- v.- : 08 Cr. ____

JUDITH LEEKIN,
a/k/a "Judith Lee Kin,"
a/k/a "Judith Lee-Kin,"
a/k/a "Judith S. Johnson,"
a/k/a "Judith Lee-Kin De-Johnson,"
a/k/a "Michelle Wells,"
a/k/a "Eastlyn J. Giraud,"
a/k/a "Anne Marie Williams,"
a/k/a "Cheryl Graham,"
a/k/a "Judith Jack,"
a/k/a "Cheryl Jack,"

Defendant.

- - - - - - - - - - - - - - - - - - - X

08 CRIM 446

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAY 20 2008

**COUNT ONE**
(Mail Fraud)

The United States Attorney charges:

**The New York State Adoption Subsidy Program**

1. There are children in the foster care systems of New York State and New York City whose age, background, or physical or mental disability makes it harder to find an adoptive placement. In order to increase the likelihood of these children finding permanent homes, New York State has enacted legislation which allows payments to be made for the care and maintenance of these children when they are adopted.

2. An adoption subsidy is a monthly payment mandated by law to be made for the care, maintenance, and/or medical needs

of a child who fits the definition of handicapped or hard-to-place as defined by New York State law and regulations. Subsidy payments are available to all eligible children until the age of 21 regardless of the adoptive parent's income. These payments are discontinued only when it is determined by a social services official that the adoptive parent is no longer legally responsible for the support of the child or that the child is no longer receiving any support from the parent.

3. The New York City Administration for Children's Services (the "NYC ACS") requests, on an annual basis, adoptive parents who are receiving adoption subsidies from NYC ACS to submit an annual certification form (the "Certification Form"). The purpose of the Certification Form is to determine whether adoptive parents continue to be legally responsible for the support of their adopted children and whether the adoptive parents are still providing support. Adoptive parents sign the Certification Form, and submit a copy of either the adopted child's school report card, school attendance record, medical immunization card, or a drivers license/non-drivers identification card. Failure to submit the Certification Form may result in the suspension of subsidy payments to the adoptive parent.

4. In addition, New York State law requires that adoptive parents notify the State in the event that they either

cease to be legally responsible for the child or are no longer providing support, or if the child has died.

**Overview Of The Scheme To Defraud**

5. From at least in or about 1988, through on or about July 18, 2007, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, engaged in a scheme to defraud, in which she accepted, under false pretenses, adoption subsidies that were intended to provide for the care and maintenance of her adopted children.

6. As part of the scheme to defraud, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, used several false identities in order to adopt eleven children ("Adopted Children 1-11"). In addition, LEEKIN maintained custody of a twelfth adopted child. ("Adopted Child 12"). Many of Adopted Children 1-11 suffered from mental and/or physical disabilities, some of which were severe. Based on her custody of Adopted Children 1-11, LEEKIN collected at least approximately $1.68 million in adoption subsidies from the New

York State Office of Children & Family Services ("NYS OCFS"), and the NYC ACS. LEEKIN used this money to support a lavish lifestyle for herself. At the same time, LEEKIN subjected Adopted Children 1-11 to treatment that would have caused NYS OCFS or the NYC ACS to have suspended the adoption subsidy payments had either agency been aware of it. In addition, LEEKIN collected adoption subsidies for one of her adopted children for approximately six years after LEEKIN had removed the child from her home and stopped providing care for the child.

**LEEKIN's Adoption Of Twelve Children**

7. Between in or about 1988, and in or about 1996, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, adopted Adopted Children 1-11 in New York, New York. Many of these children were physically and/or mentally disabled. LEEKIN misrepresented her identity to the NYS OCFS and the NYC ACS in order to adopt Adopted Children 1-11. LEEKIN adopted five children under the name "Michelle Wells;" three children under the name "Cheryl Graham;" two children under the name "Eastlyn Giraud;" and one child under the name "Anne Marie Williams." Had either the NYS OCFS or the NYC ACS known that LEEKIN was using false names to apply to adopt the

children, those agencies would not have approved LEEKIN's adoptions of Adopted Children 1-11.

8. In addition, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, misrepresented her living situation to the NYS OCFS and the NYC ACS in order to adopt Adopted Children 1-11. Specifically, LEEKIN misrepresented how many other children were in her care, and the extent of the physical and mental disabilities of those children. For example, in or about October 1995, LEEKIN, using the name "Eastlyn Giraud," met with an agent of ACS (the "ACS Agent"), in order to convince ACS to permit LEEKIN to adopt Adopted Children 9 and 10. During this interview, LEEKIN misrepresented her identity to the ACS Agent and also misrepresented what children were living in her home and receiving care from her. Namely, LEEKIN stated that only Adopted Children 9, 10, and 12 were living with her. Although Adopted Children 1-12 were living with her at the time, LEEKIN did not mention the existence of Adopted Children 1-8 and 11, or the disabilities from which they suffered. Had either the NYS OCFS or the NYC ACS known that LEEKIN already was the sole care-giver for a large number of children with physical and mental

disabilities, that fact would have been materially significant to those agencies' decisions to approve LEEKIN's adoption of additional children.

**LEEKIN's Treatment Of Eleven Of Her Twelve Adopted Children**

9. In or about 1997, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, lived with Adopted Children 1-12 in Queens, New York. During this time, Adopted Children 1-11 lived in the basement of LEEKIN's home and did not go to school or outside. In addition, several of Adopted Children 1-11 were restrained in order to prevent them from getting out of their beds.

10. In or about 1998, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, moved with Adopted Children 1-12 from New York to Port St. Lucie, Florida. While in Florida, LEEKIN caused Adpoted Children 1-11 to live in a similar manner to which they had lived in New York. For example, in or about 2004, Adopted Children 1-10 began living in a home in Port St. Lucie, Florida. Between in or about 2004,

through in or about July 2007, Adopted Children 1-10 slept on the floor of a storage room abutting the garage. Adopted Children 1-10 typically only entered the house to use the bathroom or the kitchen. Several of the Adopted Children were restrained using plastic ties. In addition, Adopted Children 1-10 did not attend school.

11. Neither the NYS OCFS nor the NYC ACS knew about the manner in which LEEKIN treated Adopted Children 1-11. Had JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, disclosed this information to the NYS OCFS or the NYC ACS, the agencies, among other things, would have suspended all adoption subsidy payments to LEEKIN.

**<u>LEEKIN's Misrepresentations In Connection With The Adoption Subsidies</u>**

12. JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, submitted false Certification Forms in order to collect the adoption subsidies for Adopted Children 1-11. For example, in 2002, LEEKIN (using the aliases "Eastlyn Giraud" and "Michelle

Wells") submitted to the NYC ACS copies of school report cards for seven of the Adopted Children. Based on these submissions, LEEKIN received adoption subsidies on behalf of those adopted children. In fact, however, the report cards that LEEKIN submitted were fraudulent and Adopted Children 1-11 had never attended the schools reflected on the report cards.

13. In addition, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, submitted multiple false Certification Forms for Adopted Child 11. Adopted Child 11 was severely mentally and physically handicapped. The extent of Adopted Child 11's handicaps were so severe that s/he could neither speak nor walk. In or about 2000, LEEKIN removed Adopted Child 11 from her home. Between approximately 2000 through July 2007, Adopted Child 11 did not live with LEEKIN, and LEEKIN stopped providing care for Adopted Child 11 altogether. Nevertheless, LEEKIN continued to submit Certification Forms for Adopted Child 11 after 2000. In these Certification Forms, LEEKIN falsely stated that Adopted Child 11 continued to live in LEEKIN's home. LEEKIN continued to collect adoption subsidies for Adopted Child 11 until on or about July 18, 2007, when her scheme was discovered.

14. After in or about 2000, neither the NYS OCFS nor the NYC ACS knew that Adopted Child 11 was no longer living with JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant. Had LEEKIN disclosed this information to the NYS OCFS or the NYC ACS, the agencies would have suspended all subsidy payments to LEEKIN in connection with Adopted Child 11.

**LEEKIN Received Approximately $1.68 Million In Adoption Subsidies For Adopted Children 1-11**

15. Between approximately 1988 and on or about July 18, 2007, the NYS OCFS and the NYC ACS paid JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, received approximately $1.68 million in adoption subsidies. The adoption subsidies were paid on behalf of Adopted Children 1-11 to LEEKIN under the following aliases: "Michelle Wells," "Eastlyn Giraud," "Cheryl Graham," and "Anne Marie

Williams." More specifically:

a. Between approximately 1994 and on or about July 18, 2007, the NYS OCFS and the NYC ACS paid a total of at least approximately $866,653.00 in adoption subsides for five adopted children to LEEKIN under the alias "Michelle Wells."

b. Between approximately 1993 and on or about July 18, 2007, the NYS OCFS and the NYC ACS paid a total of at least approximately $459,464.47 in adoption subsides for three adopted children to LEEKIN under the alias "Cheryl Graham."

c. Between approximately 1996 and on or about July 18, 2007, the NYS OCFS and the NYC ACS paid a total of at least approximately $254,727.79 in adoption subsides for two adopted children to LEEKIN under the alias "Eastlyn J. Giraud."

d. Between approximately 1988 and on or about July 18, 2007, the NYS OCFS and the NYC ACS paid a total of at least approximately $107,234.61 in adoption subsides for one adopted child to LEEKIN under the alias "Anne Marie Williams."

**Statutory Allegation**

16. From at least in or about 1988, through on or about July 18, 2007, in the Southern District of New York and elsewhere, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith

Jack," a/k/a "Cheryl Jack," the defendant, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, for the purpose of executing such scheme and artifice and attempting so to do, unlawfully, wilfully and knowingly caused mail matter to be sent and delivered by the United States Postal Service, and knowingly caused mail matter to be delivered by mail, according to the direction thereon, for the purpose of executing such scheme and artifice, to wit, on or about August 19, 2005, LEEKIN, using the name "Cheryl Graham," mailed to ACS a Certification Form for Adopted Child 11 (who was no longer living with LEEKIN) with a fraudulent report card, so that she could collect an adoption subsidy for Adopted Child 11.

(Title 18, United States Code, Sections 1341 and 2.)

**COUNT TWO**
(Wire Fraud)

The United States Attorney further charges:

17. The allegations contained in paragraphs 1 through 15 above are hereby repeated, realleged and incorporated by reference as if fully set forth herein.

18. From at least in or about 1988, through on or about July 18, 2007, in the Southern District of New York and elsewhere, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith

Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack," a/k/a "Cheryl Jack," the defendant, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money by means of false and fraudulent pretenses, representations and promises, unlawfully, willfully, and knowingly, did transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifices, to wit, on or about July 2, 2007, as a result of LEEKIN's fraudulent misrepresentations and omissions, NYC ACS wired approximately $2,317.80 from a bank account in New York, New York to a bank account, which LEEKIN used, in Florida in the name of "Eastlyn Giraud."

(Title 18, United States Code, Sections 1343 and 2).

**FORFEITURE ALLEGATION**

19. As the result of committing one or more of the mail and wire fraud offenses in violation of 18 U.S.C. §§ 1341 and 1343, alleged in Counts One and Two of this Information, JUDITH LEEKIN, a/k/a "Judith Lee Kin," a/k/a "Judith Lee-Kin," a/k/a "Judith S. Johnson," a/k/a "Judith Lee-Kin De-Johnson," a/k/a "Michelle Wells," a/k/a "Eastlyn J. Giraud," a/k/a "Anne Marie Williams," a/k/a "Cheryl Graham," a/k/a "Judith Jack,"

a/k/a "Cheryl Jack," the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the mail and wire fraud offenses, including but not limited to the following:

a. The amount of proceeds obtained as a result of the mail fraud and wire fraud offenses, including but not limited to at least $1.68 million in United States currency;

b. $62,987.05 in United States currency being held in escrow by Mario Garcia, Jr., former counsel to LEEKIN, which represents the proceeds of an insurance policy that LEEKIN cashed following her arrest in July 2007;

c. All right, title, and interest in real property and appurtenances located at 114 SW Hawthorne Circle, Port St. Lucie, Florida; and

d. All right, title, and interest in real property and appurtenances located at 410 Fairfield Drive, Sanford, Florida.

<u>Substitute Asset Provision</u>

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of said defendant(s) up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461.)

Michael Garcia

MICHAEL J. GARCIA
United States Attorney