UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x
                              :
UNITED STATES OF AMERICA,     :   ORDER OF FORFEITURE/
                              :   PRELIMINARY ORDER OF
                              :   FORFEITURE AS TO THE DEFENDANT
         -v-                  :   <u>INTEREST SPECIFIC PROPERTY</u>
                              :
JUDITH LEEKIN,                :   08 Cr. 446 (RMB)
                              :
         Defendant.           :
------------------------------x

       WHEREAS, on or about May 20, 2008, JUDITH LEEKIN (the "defendant"), was charged in a two-count Information 08 Cr. 446 (RMB) (the "Information") with mail fraud, in violation of 18 U.S.C. §§ 1341 and 2 (Count One); and wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Count Two);

       WHEREAS, the Information included a forfeiture allegation charging that the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the mail and wire fraud offenses, including but not limited to:

    (i)   A sum of money equal to $1.68 million in United States currency, representing the amount of proceeds obtained as a result of the mail and wire fraud offenses (the "money judgment");

    (ii)  $62,987.05 in United States currency being held in escrow by Mario Garcia, Jr., former counsel to Judith Leekin, which represents the proceeds of an insurance policy that Judith Leekin cashed following her arrest in July 2007 (the "Subject Currency");

      (iii) All right, title, and interest in real property and appurtenances located at 114 SW Hawthorne Circle, Port St. Lucie, Florida; and

      (iv) All right, title, and interest in real property and appurtenances located at 410 Fairfield Drive, Sanford, Florida;

(iii. and iv. collectively, the "Subject Properties");

WHEREAS, on or about May 20, 2008, the defendant pled guilty to all counts of the Information and admitted to the forfeiture allegation pursuant to a plea agreement;

WHEREAS, on or about February 1, 2008, the Subject Properties were forfeited civilly in a related case, <u>U.S. v. All Right, Title and Interest in real Property and Appurtenances located at 114 SW Hawthorne Circle, Port St. Lucie, FL and All Right, Title and Interest in Real Property and Appurtenances located at 410 Fairfield Drive, Sanford, FL</u>, 07 CV 7927 (JGK), after notice was sent and publication was made;

WHEREAS, on or about July 15, 2008, the defendant was sentenced, and ordered to pay a forfeiture money judgment in the amount of $1.68 million in United States Currency, and to forfeit her interest in the Subject Currency and Subject Properties;

WHEREAS, by virtue of said guilty plea and sentence, pursuant to 21 U.S.C. § 853(g), the United States is entitled, pending any assertion of third-party claims, to reduce the property to its possession and to notify any and all potential purchasers and transferees thereof of its interest therein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offenses charged in the Information to which the defendant entered a plea of guilty, a forfeiture money judgment in the amount of $1.68 million shall be entered against the defendant, as part of her criminal sentence.

2. Pursuant to 18 U.S.C. §§ 981, 28 U.S.C. § 2461 and Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, all of the defendant's right, title and interest in the Subject Currency and Subject Properties are forfeited to the United States for disposition in accordance with the law. The Subject Currency and the Subject Properties shall be applied towards the money judgment in the amount of $1.68 million entered against the defendant.

3. The aforementioned Subject Currency is to be seized pursuant to this Preliminary Order of Forfeiture and is to be held thereafter by the United States Marshals Service (or its designee) in its secure custody and control.

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Order of Forfeiture is final against the defendant, is part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

5. Pursuant to 21 U.S.C. § 853(n)(1), the United States Marshals Service forthwith shall publish, at least once

for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Government's intent to dispose of the Subject Currency in such manner as the Attorney General may direct, and notice that any person, other than the defendant, having or claiming a legal interest in the above-listed Specific Property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Subject Currency, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Currency and any additional facts supporting the petitioner's claim and the relief sought.

      6.   The United States may also, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Subject Currency, which is the subject of this Order of Forfeiture, as a substitute for published notice as to those persons so notified.

      7.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

8. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

9. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of the property, including depositions, interrogatories, requests for production of documents and subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

10. The Clerk of the Court shall forward four certified copies of this Order to Assistant United States Attorney, Rua Kelly, One St. Andrew's Plaza, New York, New York 10007.

Dated: New York, New York
July 15, 2008

SO ORDERED:

RMB
_____
HONORABLE RICHARD M. BERMAN
UNITED STATES DISTRICT JUDGE